DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workwandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
CASPERSON ULRUCH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, Idaho 83404
Telephone: (208) 524-0566
Facsimile (208) 745-2523

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF IDAHO

| | |
|---|---|
| REXBURG MOTOR SPORTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER FRANKS, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> Filing Fee: $400.00 |

Plaintiff, Rexburg Motor Sports, LLC ("RMS"), by and through counsel of record Casperson Ulrich Dustin PLLC, and as a cause of action against defendant Christopher Franks ("Franks") alleges and complains follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction of the claims herein because this suit is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs as set out in in 28 U.S.C. § 1332(a).

2. The Court has personal jurisdiction over the defendant because, as shown in more detail below, he acted within the State of Idaho for the purpose of realizing a pecuniary benefit and to attempt to accomplish a business purpose, both of which are sufficient for long arm

1 – COMPLAINT AND DEMAND FOR DECLATORY JUDGMENT

jurisdiction under Idaho's long arm statute. Idaho Code § 5-514. The exercise of personal jurisdiction comports with the requirements of due process because the defendant's conduct was such that he should reasonably have anticipated that he would be haled into court in Idaho.

## PARTIES

3. RMS is a limited liability company organized under the laws of the state of Idaho. Its principal place of business is in the State of Idaho and it has no members outside the State of Idaho.

4. Franks is an individual who resides, on information and belief, in Florida. His residence address is unknown, but he can be served at the office of his attorneys, Berman & Berman PA, P.O. Box 272789, Boca Raton, Florida 33427.

## FACTS

5. RMS is a retailer of goods related to motorsports such as snowmobiles, motorcycles and all-terrain vehicles. It has a single store located in Rexburg, Idaho.

6. Until approximately January 2017, RMS operated a website, rexburgmotorsports.com (the "Website") from which customers could order goods sold by RMS. The content from the rexburgmotorsports.com URL was taken out of service in approximately January 2017. RMS now sells goods through a website operated by a third party – Gearhead.com – that acts as an online storefront for businesses like RMS.

7. On March 29, 2019 Franks' lawyers sent RMS the demand letter a copy of which is attached as Exhibit 1 to this Complaint. In that letter Franks' lawyers assert the Website does not comply with the accessibility requirements of the Americans with Disabilities Act though they do not specify in what way it was supposedly inaccessible when Franks himself visited the website.

8. Although the demand letter is short on details concerning actual ADA violations it is very specific about what Franks wants. The letter asserts that if his demands are not met he will

file a class action lawsuit seeking $250,000 in damages. The letter does not specify what the purported class might be but given the nature of internet sales it is presumably a nationwide class action that would include disabled individuals residing in Idaho.

9. The demand letter also demands that the website be made to comply with both the accessibility requirements in the Web Content Accessibility and the requirements under Section 508 of the Rehabilitation Act.

10. Title III of the ADA does not include any damage remedy for those who claim to be victims of discrimination. It only permits injunctive relief.

11. Because Title III of the ADA only permits injunctive relief there is no effective remedy with respect to a website that no longer exists.

12. Section 508 of the Rehabilitation Act applies only to certain federal government websites and non-government websites funded by the federal government. It would not apply to rexburgmotorsports.com even if the Website still existed.

13. On information and belief, Franks and his attorneys have sent multiple essentially identical demand letters to website owners all over the United States. Mr. Franks and his attorneys appear to be in the business of making ADA website demands for profit. Further on information and belief, payments in response to such demands either constitute a significant portion of Franks' income or are intended to be a source of revenue to him.

## COUNT ONE
### (Declaratory Judgment)

14. RMS realleges and incorporates by reference every allegation above.

15. 28 U.S.C. § 2201(a) provides that in the case of an actual controversy within its jurisdiction this Court has the power to declare the rights and legal relations of interested parties.

16. There is an actual controversy concerning whether Franks has any right to relief under the Americans with Disabilities Act or Section 508 of the Rehabilitation Act because he has demanded such relief in the form of website remediation and damages while RMS denies that he is entitled to any such relief.

17. It is therefore appropriate for this Court to enter a judgment declaring the rights of the parties as follows:

   a. Franks has no right to recover damages under the ADA because it does not provide for such a remedy.

   b. Any claims under the ADA related to rexburgmotorsports.com are moot because the website no longer exists and it is therefore impossible for the Court to grant meaningful relief.

   c. Even when it existed rexburgmotorsports.com was not subject to the requirements of Section 508 of the Rehabilitation Act.

## ATTORNEY'S FEES

18. In this diversity action it is also appropriate for the Court to award RMS its reasonable attorneys' fees as provided in Idaho Code Section 12-120(c) because Franks is in the business of making website claims and this case therefore arises out of a commercial transaction as defined in the Idaho Code.

## PRAYER FOR RELIEF

WHEREFORE, Rexburg Motor Sports, LLC seeks judgment against Franks as follows:

1. Relief as described in Count One;

2. For attorney's fees pursuant to statute and costs of suit; and

3. For such other and further relief as the Court deems just and proper.

DATED this 3rd day May, 2019.

/s/
DeAnne Casperson, Esq.
CASPERSON ULRICH DUSTIN PLLC